NO. 07-09-0162-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 31, 2009
_____

IN RE LEVI ALEXAS KING, RELATOR
_____

Before CAMPBELL and HANCOCK, JJ., and BOYD, S.J.[1]

**OPINION**

Relator, Levi Alexas King, seeks a writ of mandamus compelling respondent, the
Honorable Steven R. Emmert, to set aside a First Amended Restrictive and Protective
Order that was entered during pretrial proceedings in King's trial for capital murder. We
deny the requested relief.

Background

King is charged with the offense of capital murder and the State is seeking the death
penalty. During the course of pretrial proceedings in the case, Judge Emmert issued a
Restrictive and Protective Order on March 10, 2009. King objected to the Order and, at
a hearing held on April 30, 2009, Judge Emmert overruled King's objections. Thereafter,

_____

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.

on May 20, 2009, King filed a Petition for Writ of Mandamus with this Court. After requesting a response from Judge Emmert, the Court received a "clerk's record" that contained a First Amended Restrictive and Protective Order. Upon receipt of this amended order, the Court directed King to certify whether this amended order satisfactorily resolves the issues raised in King's Petition for Writ of Mandamus. King responded certifying that the amended order does not resolve the issues raised in the petition. On the basis of this certification, the Court notified Judge Emmert that we will consider King's Petition for Writ of Mandamus to relate to the First Amended Restrictive and Protective Order[2] and requested a response. On July 15, 2009, the Court received a response filed by the Gray County District Attorney.

King challenges Judge Emmert's order on the basis that it violates the United States and Texas Constitutions because Judge Emmert failed to make specific findings, supported by evidence, (1) of imminent and irreparable harm if the order were not issued, (2) of the substantial likelihood of material prejudice to King's fair trial rights, and (3) that the order was the least restrictive means available.

The First Amended Restrictive and Protective Order recites:

This Court takes judicial notice of the following obvious matters, to-wit:
1) the unusually emotional nature of the issues involved in this case;

---

[2] As the State correctly points out in its response, the amended order expressly denied King's Motion to Vacate and Set Aside Restrictive and Protective Order. Thus, we will consider the amended order to constitute a supplementation of the Restrictive and Protective Order entered on March 10, 2009.

2

2) the extensive local and regional media coverage this case has already generated;

3) the various and numerous media interviews with counsel for the parties that have been published and broadcast by local and regional media; and

4) the various and numerous media interviews with counsel for the defense which have previously been published and broadcast by local and regional media on numerous occasions in which counsel has made statements that defendant desires to enter a plea of guilty.

On the basis of the judicial notice taken of these facts, Judge Emmert found that (1) "if defense counsel is permitted to continue to make statements to the media regarding defendant's culpability and desire to enter a plea of guilty, defendant will be denied his right to a fair trial . . . ;" (2) "defense counsel's continued statements to the media regarding defendant's culpability and desire to enter a plea of guilty will result in imminent and irreparable harm to the judicial process and deprive defendant a just and fair trial; (3) "defense counsel's statements to the media regarding defendant's culpability are intended to frustrate the very purpose of the criminal justice system and have no legitimate legal strategic purpose;" (4) defense counsel's continued statements will "divert the trial from the very purpose of the court system;" (5) "counsel's willingness to give interviews to the media would only serve to increase the volume of pre-trial publicity;" (6) counsels' willingness to give interviews to the media would only serve to increase pretrial publicity, which will interfere with King's fair trial rights; (7) "no less restrictive means exists to treat the specific threat to the judicial process generated by this pre-trial publicity;" and (8) the order "is necessary to preserve all venue options and a delay in proceedings would not

lessen the publicity generated by this case." On the basis of these findings, the order restricts comment on the case such as, *inter alia*,

> No party to this action, nor any attorney connected with this case as defense counsel or prosecutor, nor any other attorney, nor any judicial officer or employee, nor any public official, including but not limited to any chief of police or sheriff, nor any agent, deputy, or employee of such persons, nor any grand juror, nor any witness having appeared before the grand jury or summoned by request or subpoena to testify in this trial, shall release or authorize the release for public dissemination of any matters relating to this case, except that which has been adduced into evidence and in argument in open court.

## Law and Analysis

In a criminal proceeding, mandamus relief is available "only if the relator can demonstrate that: 1) he has no other adequate remedy at law; and 2) under the relevant law and facts, the respondent 'clearly abused' his discretion or the act sought to be compelled is 'purely ministerial.'" State ex rel. Rosenthal v. Poe, 98 S.W.3d 194, 215 (Tex.Crim.App. 2003) (orig. proceeding).

King contends that the order violates both the First Amendment of the United States Constitution and Article I, section 8, of the Texas Constitution. Article I, section 8, of the Texas Constitution provides, in pertinent part, that "Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege . . . ." TEX. CONST. art. I, § 8. This provision of the Texas Constitution has been held to provide greater rights of free expression than those granted by the First Amendment of the United States Constitution. Davenport v. Garcia, 834 S.W.2d 4, 10 (Tex. 1992) (orig. proceeding). In cases involving prior restraint of speech, such as in the

present case, the prior restraint is presumed unconstitutional and "will withstand constitutional scrutiny only where there are specific findings supported by evidence that (1) an imminent and irreparable harm to the judicial process will deprive litigants of a just resolution of their dispute, and (2) the judicial action represents the least restrictive means to prevent the harm." Id.; In re Graves, 217 S.W.3d 744, 749 (Tex.App.–Waco 2007, no pet.) (orig. proceeding) (applying Davenport test in criminal case). Under the First Amendment, we review a protective order to determine (1) whether the order is narrowly tailored, (2) whether the order is the least restrictive means, and (3) whether the threshold standard for imposing prior restraint has been met, which, in the Fifth Circuit, means whether there is a substantial likelihood of material prejudice to the defendant's fair trial rights in the absence of the order. See United States v. Carmichael, 326 F.Supp.2d 1267, 1293 (M.D. Ala. 2004) (collecting cases).

In the present case, an affidavit of King's counsel states that a hearing was held on the Restrictive and Protective Order on April 30, 2009, at which Judge Emmert orally denied King's written request to vacate and set aside the order. Further, the First Amended Restrictive and Protective Order states that the court reconsidered its ruling on King's Motion to Vacate and Set Aside Restrictive and Protective Order and that King was "given an opportunity to object to matters of which the Court intended to take judicial notice." The order further recites that Judge Emmert "recited specific matters of which the Court intended to take judicial notice," but "[n]o objections were entered by defense counsel." Thus, it is possible that evidence was offered at one or both of these hearings that would support the specific findings entered by the trial court in this case.

5

In a mandamus proceeding, it is the relator's burden to show entitlement to the relief being requested. See Johnson v. Fourth District Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relator must file with the petition (1) a certified sworn copy of every document that is material to the relator's claim for relief and which was filed in any underlying proceeding, and (2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter about which complaint is made. TEX. R. APP. P. 52.7(a). The burden rests with the relator to provide the appellate court with a sufficient record to establish its right to mandamus relief. Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992).

In the present case, the First Amended Restrictive and Protective Order specifically finds that "defense counsel's continued statements to the media regarding defendant's culpability and desire to enter a plea of guilty will result in imminent and irreparable harm to the judicial process and deprive defendant a just and fair trial" and that "no less restrictive means exists to treat the specific threat to the judicial process generated by this pre-trial publicity." Thus, the order contains the specific findings required to overcome the presumption that the order is constitutionally infirm. See Davenport, 834 S.W.2d at 10. King has failed to provide this Court a properly authenticated transcript of any relevant testimony from either of these hearings and, further, has not stated that no testimony was adduced in connection with the matter about which the complaint is made. See TEX. R. APP. P. 52.7(a). As such, we cannot determine whether the order in the present case

6

violates either the United States or Texas Constitutions.  Thus, because King has failed to meet his burden of establishing his right to mandamus relief, we deny his petition.


Conclusion


For the foregoing reasons, we deny King's Petition for Writ of Mandamus.


Mackey K. Hancock
Justice